IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATISHA L. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-1213 |
| KILOLO KIJAKAZI,<br>*Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 28th day of June, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff is proceeding *pro se* in this case, and while the Court believes that she has done a credible, good-faith job of explaining her positions, the Court must, at the outset, explain the

1

scope of its authority in this matter. 42 U.S.C. § 405(g) permits a district court to review a final decision of the Commissioner of Social Security. However, judicial review is based solely on the pleadings and the transcript of the record, and the scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the findings of fact of the Administrative Law Judge ("ALJ") to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

Therefore, the Court here is limited to reviewing the record before it to assure itself that it adequately supports the ALJ's decision that Plaintiff was not disabled during the relevant time period. Evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Moreover, since this is a claim for DIB benefits under Title II of the Act, Plaintiff must establish that she became disabled before her date last insured. *See* 42 U.S.C. § 423(a)(1)(A); *Kelley v. Barnhart*, 138 Fed. Appx. 505, 507 (3d Cir. 2005) (citing *Kane v. Heckler,* 776 F.2d 1130, 1131 n.1 (3d Cir.1985)). There is no dispute that Plaintiff's date last insured was June 30, 2016. Accordingly, to prevail on her claim, Plaintiff must prove that she was disabled between that date and her alleged onset date of February 22, 2012. Evidence purporting to establish disability at some later date is not relevant to the Court's inquiry. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). Whether Plaintiff was disabled during some time other than the period from February 22, 2012 to June 30, 2016 is outside the Court's scope of review.

While, again, the Court appreciates Plaintiff's thoughtful argument, the record shows no error in law and contains substantial evidence in support of the ALJ's findings. Plaintiff explains that she suffers from albinism, nystagmus, and strabismus, which causes her difficulties with light sensitivity and depth perception. She also asserts that her vision problems can lead to migraine headaches. While these issues are certainly relevant, Plaintiff raised the issues before the ALJ, and the ALJ acknowledged and considered the allegations. (R. 55-60).

It is important to remember that, while a claimant's testimony regarding her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363. Although the ALJ found that Plaintiff's conditions could reasonably be expected to cause the alleged symptoms, she found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the evidence. She

proceeded to discuss at significant length the objective medical evidence, including clinical tests regarding Plaintiff's visual acuity, the consistent improvement of Plaintiff's vision during the relevant time period, Plaintiff's activities of daily living, and the fact that she had obtained a drivers license. (R. 19). The ALJ also acknowledged and discussed the finding of Workers' Compensation Judge Pamela Briston that Plaintiff was disabled. (R. 21). She further discussed the medical opinion evidence, including the testimony of medical expert Hema Sugumaran, M.D. In fact, the ALJ incorporated into Plaintiff's residual functional capacity ("RFC") all of the vision-related limitations to which Dr. Sugumaran testified – that Plaintiff should avoid moving mechanical parts, unprotected heights, and commercial motor vehicle operation, that she needed to be able to enlarge the font for reading materials to 14-point, and that she could not handle very small objects. (R. 19-20, 35-41). Therefore, the ALJ did not disregard Plaintiff's claims regarding her vision but accounted for these issues by incorporating a number of restrictions in the RFC to account for her difficulty seeing. Moreover, the ALJ considered the opinions of Plaintiff's treating orthopedic surgeon, Mark W. Rodosky, M.D., and sufficiently explained why she found them to be inconsistent with and unsupported by the record. She also noted that these opinions post-dated Plaintiff's date last insured by more than 30 months. (R. 21).

The Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft*, 181 F.3d at 360; *Monsour Med. Ctr.*, 806 F.2d at 1190-91; *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). In addition, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, the ALJ considered and discussed the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence. All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154.

Plaintiff further points out that she received Supplemental Security Income benefits from 2000 to 2010, and again starting in 2022, under the provisions of the Social Security Act pertaining to blindness. However, the Court reiterates that whether Plaintiff was disabled during some time other than the period between 2012 and 2016 is not relevant here. In this case, Plaintiff did not apply for DIB benefits pursuant to the blind provisions of the Act, and her vision issues were just part of a number of allegations she made in attempting to show that she was disabled between 2012 and 2016.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ employed the proper legal standards and that substantial evidence supports her decision. The Court will therefore affirm.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as set forth herein.

s/Alan N. Bloch<br>
United States District Judge

ecf:	Counsel of record

cc:	Latisha L. Jones
	409 Howard Street
	East Pittsburgh, PA 15112-1022